Opinion Issued October 8, 2009








 






In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00210-CV






McCULLER C. STEPHENS, III, Appellant


V.


STATE BAR OF TEXAS, Appellee






On Appeal from the 80th District Court

Harris County, Texas

Trial Court Cause No. 2007-22098





M E M O R A N D U M O P I N I O N


 The trial court granted summary judgment for the appellee, the State Bar of
Texas ("the Bar"), and dismissed appellant McCuller C. Stephens' petition to
reinstate his licence to practice law. In his sole issue, Stephens argues that the grant
of summary judgment was improper because he complied with the rules for
reinstatement.

 We affirm.

Background

 The Bar revoked Stephens' license to practice law on April 19, 2001 as a
consequence of his felony conviction for witness tampering. On April 12, 2007,
Stephens applied to the Bar for reinstatement. The Bar responded on May 23, 2007
with a request for special exceptions, and Stephens answered on the same day, 
stating that the special exceptions lacked merit. On January 18, 2008, the Bar filed
a traditional motion for summary judgment claiming that Stephens failed to follow
the procedural requirements for reinstatement. The Bar based its motion on the
grounds that: (1) Stephens did not publish notice in the Texas Bar Journal; (2) his
work history did not include sufficiently specific dates; and (3) his application for
reinstatement included a false statement of material fact because after his disbarment
he filed for bankruptcy but in his application he stated that he had not been involved
in any civil suits since his disbarment. 

 On January 22, 2008, four days after the Bar filed its motion for summary
judgment, Stephens filed an amended original petition for reinstatement. The
amended original petition disclosed Stephens' involvement in a civil suit-his
bankruptcy-but maintained that Stephens did not know the specific dates of his
contract employment with the individual law firms listed in his work history. 
Stephens responded to the Bar's motion for summary judgment on February 6, 2007. 
He asserted that he had filed notice with the Texas Bar Journal indicating his
intention to apply for reinstatement, that he remained unaware of the specific dates
of employment with the various firms for which he had done contract work, and that
the amended original petition for reinstatement, which included disclosure of his
bankruptcy, superseded the prior answer and therefore his petition for reinstatement
no longer contained a false statement of material fact. (1) The trial court granted the
Bar's motion for summary judgment on March 17, 2008 without specifying a ground. 
Stephens appeals the trial court's ruling.

Standard of Review

 Because summary judgment is a question of law, we review a trial court's
summary judgment decision de novo. Provident Life & Accident Ins. v. Knott, 128
S.W.3d 211, 215 (Tex. 2003). The standard of review for a traditional summary
judgment motion is threefold: (1) the movant must show that there is no genuine issue
of material fact and that he is entitled to judgment as a matter of law; (2) in deciding
whether there is a disputed material fact issue precluding summary judgment, the
reviewing court must take evidence favorable to the nonmovant as true; and (3) must
indulge every reasonable inference in favor of the nonmovant and resolve any doubts
in the nonmovant's favor. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49
(Tex. 1985); see Tex. R. Civ. P. 166a(c). 

 To be considered by the trial court or reviewing court, summary judgment
evidence must be presented in a form that would be admissible at trial. United Blood
Servs. v. Longoria, 938 S.W.2d 29, 30 (Tex. 1997). When the movant has produced
evidence sufficient to support its motion for summary judgment, the nonmovant is
required to produce summary judgment evidence that will dispute, but not necessarily
disprove, the movant's evidence. Casso v. Brand, 776 S.W.2d 551, 556 (Tex. 1989). 
Although we assume that the assertions and allegations in the nonmovant's pleadings
are true, generally a party's own pleadings are not evidence. See Laidlaw Waste Sys.
v. City of Wilmer, 904 S.W.2d 656, 660 (Tex. 1995). 

 If a trial court's order granting summary judgment does not specify the basis
for the court's ruling, as is the case here, the summary judgment will be affirmed if
any of the theories advanced by the movant is meritorious. Amtech Elevator Servs.
Co. v. CSFB 1998-P1 Buffalo Speedway Office, 248 S.W.3d 373, 377 (Tex. App.--
Houston [1st Dist.] 2007, no pet.) (citing Carr v. Brasher, 776 S.W.2d 567, 569 (Tex.
1989)).

Rules for Reinstatement

 Texas Rule of Disciplinary Procedure 11.02 governs the contents of a petition
for reinstatement. Tex. R. Disciplinary P. 11.02. Rule 11.02 includes thirteen
requirements that the petition must meet; however, the only provisions relevant to this
appeal are 11.02(g) and 11.02(i). The former requires the applicant to provide a
"listing of the petitioner's occupations from the date of disbarment or resignation,
including . . . the dates and duration of all such relationships and employment." Id.
at 11.02(g). The latter requires a disclosure of "all civil actions in which the
petitioner was a party" since disbarment or resignation. Id. at 11.02(i). Additionally,
petitioners seeking reinstatement must publish notice of this intent as a paid classified
announcement in the Texas Bar Journal. Id. at 11.04. 

Notice

 Rule 11.04 requires a petitioner seeking reinstatement into the Bar to publish
notice of this intent in the Texas Bar Journal. Tex. R. Disciplinary P. 11.04. The
Bar sought summary judgment claiming Stephens never provided such notice. To
prevail in a summary judgment, the movant must show that (1) there is no genuine
issue of material fact and (2) that it is entitled to judgment as a matter of law. Nixon,
690 S.W.2d at 548-49; see Tex. R. Civ. P. 166a(c). All inferences and doubts are 
resolved in favor of the nonmovant. Nixon, 690 S.W.2d at 548-49.

 In its original motion for summary judgment, the Bar asserted that Stephens
failed to provide notice to the Texas Bar Journal. The Bar supported this contention
with a business records affidavit from the journal's managing editor. The affidavit
stated that Stephens had not paid for notice as of January 18, 2008. Business records
affidavits are appropriate evidence to support a motion for summary judgment. Tex.
R. Civ. P. 166(f). 

 Once a movant has produced sufficient evidence to support its motion for
summary judgment, the nonmovant must produce evidence to dispute that evidence. 
Casso, 776 S.W.2d at 556. Appellant produced only his own pleadings, which are
not evidence. Laidlaw, 904 S.W.2d at 660. Stephens' failure to produce evidence,
other than his own pleadings, that he provided notice in the Texas Bar Journal means
that he failed to rebut the Bar's arguments that no genuine issue of material fact exists
as to whether he provided notice to the Texas Bar Journal. 

 When a court finds that no genuine issue of material fact exists, it must
determine whether the movant should prevail as a matter of law. Nixon, 690 S.W.2d
at 548-49; see Tex. R. Civ. P. 166a(c). Rule 11.04 states that "[t]he petitioner . . .
shall publish notice [of intention to petition for reinstatement] as a paid classified
announcement in the Texas Bar Journal." Tex. R. Disciplinary P. 11.04. The use
of the word "shall" imposes an affirmative duty on the petitioner to provide such
notice. See Tex. Gov't Code Ann. § 311.016 (Vernon Supp. 2008) (explaining that
the use of "shall" creates a duty). Stephens' failure to provide such notice means that
the Bar prevails as a matter of law. 

 Because the order granting summary judgment did not specify a basis for the
trial court's ruling and we find one of the grounds supporting the grant of summary
judgment meritorious, we need not consider the remaining grounds asserted by
Stephens. Amtech Elevator, 248 S.W.3d at 377.

 We overrule Stephen's sole issue.

Conclusion

 We affirm the judgment of the trial court.



 

 Evelyn V. Keyes

 Justice


Panel consists of Justices Keyes, Alcala, and Hanks.
1. The Bar responded to this, and Stephens responded to the Bar's response, but
neither side offered any new arguments or evidence.